**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KEVIN HORTON,** | : | |
| **Plaintiff** | : | **No:** |
| | : | |
| **v.** | : | |
| | : | |
| **MATTHEW G. MILLS, JR.,** | : | **JURY TRIAL DEMANDED** |
| **Defendant** | : | |

## <u>COMPLAINT</u>

1.   Plaintiff Kevin Horton is an adult individual currently residing in Hillsborough, New Jersey.

2.   Defendant Matthew G. Mills, Jr., is an adult individual who at all relevant times herein was employed by the Commonwealth of Pennsylvania as a State Police Trooper working out of the Pennsylvania State Police Lamar Barracks.

3.   This is an action at law to redress deprivation under color of statute, custom or usage, of rights, privileges, and immunities secured to the Plaintiff by the First, Fourth, Fourteenth Amendments of the Constitution of the United States, 42 U.S.C. §1983, and the Commonwealth of Pennsylvania.

4.   Federal District Court has jurisdiction over the claims asserted int he complaint pursuant to the provisions of 28 U.S.C. §§1331, 1342, and 1367.

5.   Pursuant to the provisions of 28 U.S.C. §1931, venue lies in the Federal District Court for the Middle District of Pennsylvania.

–1–

6. In the late afternoon of January 26, 2022, Plaintiff was driving a rented 2020 Chrysler Pacifica on Interstate 80 Eastbound at a pace equal to surrounding traffic.

7. Plaintiff was returning from Pittsburgh where he had visited his son who was attending the University of Pittsburgh.

8. In the vicinity of Greene Township, Clinton County, Pennsylvania Defendant pulled Plaintiff over.

9. After Plaintiff pulled his car over to the side of the road, Defendant came to Plaintiff's driver side window and stated that Plaintiff was speeding at 74 miles per hour in a 65 mile per hour zone and "maybe" had swerved.

10. Plaintiff, who is black, responded with words to the effect of: You know why you really pulled me over, but you know what, I'll be nice to you.

11. The Defendant took possession of Plaintiff's driver's license and registration information for the rental car and then engaged Plaintiff in a lengthy inquiry about his travel to Pittsburgh, his son, where he stayed and many other questions completely unrelated to any possible vehicle code violation. This questioning went so long that Plaintiff even showed Defendant a picture of his son who played for the University of Pittsburgh basketball team in order to placate the Defendant.

12. At no point after initially advising the Plaintiff that he had been pulled over for speeding at 74 miles per hour in a 65 mile per hour zone and maybe had swerved did

the Defendant ask Plaintiff any question about the alleged violation for which Plaintiff had been pulled over.

13. After his extensive questioning of Plaintiff, Defendant advised Plaintiff that he was suspicious of Plaintiff because he was "too nice".

14. The Defendant than asserted to Plaintiff that there are probably drugs in the car, to which Plaintiff responded there were not and that he does not do drugs or even drink alcohol.

15. Defendant then requested to search the Plaintiff's car to which the Plaintiff responded words to the effect of: no, we're done.

16. The Defendant responded to the Plaintiff's refusal to voluntarily consent to a search by telling him that if he did not consent Defendant would have Plaintiff's car towed, impounded and then searched.

17. Defendant's assertion that Plaintiff's vehicle would be towed, impounded and searched if he did not consent to a search was made by Defendant with knowledge that he had no probable cause or reasonable suspicion to justify a search and that Plaintiff was not free to leave the stop because Defendant had Plaintiff's license and registration.

18. At this point Plaintiff was at least three (3) hours from home, knew no one in the general geographic area, and would have been stranded if his car had been towed

and impounded, but he still did not consent to a search.

19. Defendant called for assistance at some point and another State Police vehicle arrived at the traffic stop approximately one-half hour after the initial stop and the Trooper exited his car and approached the traffic stop, at this point Plaintiff believed Defendant would undoubtedly make good on his threat to tow and impound his car and he permitted the search of his car.

20. By virtue of his assertion to tow and impound Plaintiff's vehicle, continued possession of Plaintiff's license and registration and calling of another state police unit for backup, the Defendant deprived Plaintiff of the ability to leave or to make a free and voluntary consent to a search of his car.

21. The Defendant searched Plaintiff's car and the Plaintiff's overnight bag which was in the car.

22. The search revealed nothing illegal, Plaintiff was not issued a traffic ticket of any kind, his license and registration were returned after the search was completed and Plaintiff was permitted to resume his trip home, after being stopped and held for approximately 40 to 45 minutes.

## COUNT I

## 42 U.S.C. §1983

## UNREASONABLE SEARCH

23. Paragraphs 1 through 22 are incorporated herein by reference as though set

forth in full.

24. As indicated early in this Complaint, Defendant unreasonably searched Plaintiff's car by invalidly obtaining consent to search the car through the threat of having Plaintiff's car towed, impounded and then searched despite the lack of any probable cause or reasonable suspicion that a crime had occurred, and while Plaintiff was being detained.

25. As a result, Plaintiff's consent to allow the Defendant to search his car was not voluntary consent.

26. As a result of the Defendant's actions, Plaintiff has suffered damages including inconvenience, embarrassment, fear, anxiety and anguish.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter judgment against Defendant together with costs, attorney fees, punitive damages and for any such other relief as the court deems just and appropriate.

## COUNT II

## 42 U.S.C. §1983

## FIRST AMENDMENT RETALIATION

27. Paragraphs 1 through 26 are incorporated herein by reference as though set forth in full.

28. Plaintiff engaged in protected Frist Amendment activity when he indicated to

Defendant that he believed he was being racially profiled by stating words to the effect of: You know why you really pulled me over, it's because I am black, but you know what, I'll be nice to you.

29. The Defendant was motivated to retaliate against Plaintiff because Plaintiff had engaged in protected First Amendment activity and angered the Defendant to the point that Defendant decided that he would inconvenience Plaintiff by threatening to tow, impound and then search Plaintiff's car if Plaintiff refused to consent to a search.

30. As a result of these actions, Plaintiff has suffered damages including inconvenience, embarrassment, fear, anxiety and anguish.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter judgment against Defendant together with costs, attorney fees, punitive damages and for any such other relief as the court deems just and appropriate.

## COUNT III

## 42 U.S.C. §1983

## EQUAL PROTECTION

31. Paragraphs 1 through 30 are incorporated herein by reference as though set forth in full.

32. The Defendant targeted Plaintiff as an individual for whom a vehicle search was desired because of the Plaintiff's race.

33.   Based on Plaintiff's race Defendant threatened to tow, impound and search

Plaintiff's car if Plaintiff refused to consent to a search.

34.   Based on Plaintiff's race Defendant continued to exercise custody over and seize Plaintiff for time beyond what was made necessary by virtue of the traffic stop for alleged speeding.

35. As a result, Plaintiff's consent to allow the Defendant to search his car was not voluntary consent.

36. As a result of the Defendant's actions, Plaintiff has suffered damages including inconvenience, embarrassment, fear, anxiety and anguish.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter judgment against Defendant together with costs, attorney fees, punitive damages and for any such other relief as the court deems just and appropriate.

## COUNT IV

## FALSE ARREST/FALSE IMPRISONMENT (STATE LAW)

37. Paragraphs 1 through 36 are incorporated herein by reference as though set forth in full.

38. As indicated previously in this Complaint, Defendant knowingly and intentionally unlawfully seized and detained Plaintiff beyond a detention necessary for the issuance of a speeding ticket. Such detention was against Plaintiff's will and in the complete absence of reasonable suspicion and probable cause that a crime had

occurred.

39. As a result of these actions, Plaintiff has suffered damages including inconvenience, embarrassment, fear, anxiety and anguish.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter judgment against Defendant together with costs, attorney fees, punitive damages and for any such other relief as the court deems just and appropriate.


**SCHEMERY ZICOLELLO**


By:   s/Michael J. Zicolello
        Michael J. Zicolello
        I.D. #65522
        Attorney for Plaintiff

333 Market Street
Williamsport, PA 17701
Telephone: (570) 321-7554
Facsimile: (570) 321-7845
Email: mike@sz-law.com